IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CHARLES PATTERSON, on behalf of himself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 05-0308-CV-W-ODS |
| UNITED STATES CONGRESS, ) ) | |
| Defendant. ) | |

ORDER AND OPINION (1) DENYING PLAINTIFF'S
MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS, AND
(2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Pending are Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. # 1) and Plaintiff's Motion for Appointment of Counsel (Doc. # 3). After reviewing the Complaint that Plaintiff wishes to file, the Court concludes both motions must be denied.

Under 28 U.S.C. § 1915(a)(1), the Court may authorize the commencement of an action without the payment of fees, costs or security. When determining whether to allow a plaintiff to proceed in forma pauperis, a court first determines whether the Plaintiff has stated a claim in accordance with 28 U.S.C. § 1915. Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that (A) the allegation of poverty is untrue; or (B) the action or appeal - (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

According to Plaintiff's Complaint, he seeks damages due to enslavement of African Americans and subsequent discrimination against them. Plaintiff seeks $10,000,000 and a car for each living descendant of enslaved African Americans. Plaintiff filed an almost identical suit approximately a decade ago in which the Ninth Circuit Court of Appeals affirmed the district court's decision to dismiss the complaint

pursuant to 28 U.S.C. § 1915.  See Cato v. United States, 70 F.3d 1103 (9th Cir. 1995). Because he previously litigated these claims, the allegations contained within this matter are barred by *res judicata*.  See Banks v. Int'l Union Electronic, Elec., Tech., Salaried & Machine Workers, 390 F.3d 1049, 1052 (8th Cir. 2004) (stating that *res judicata* prevents "the litigation of a claim on grounds that were raised or could have been raised in the prior suit.").  Second, even if *res judicata* did not apply, Plaintiff's claims against the United States would be barred by sovereign immunity, and Plaintiff has not stated any basis upon which the United States may have consented to the suit.

Plaintiff has also requested that the Court appoint counsel for him.  Pursuant to 28 U.S.C. § 1915 (e)(1), the Court may "request an attorney to represent any person unable to afford counsel."  This decision is left to the sound discretion of the trial court. When ruling on a motion for appointment of counsel, the court should consider: (1) the merits of the claim; (2) the plaintiff's efforts to obtain counsel; and (3) the plaintiff's financial situation.  Slaughter v. City of Maplewood, 731 F.2d 587, 590 (8th Cir. 1984); Hale v. North Little Rock Housing Auth., 720 F.2d 996, 998 (8th Cir. 1983).  The Court has already addressed the merits to Plaintiff's claims.

Upon review of factors set forth in Slaughter and Hale, the Court has determined that Plaintiff does not qualify for in forma pauperis status and has not demonstrated a reasonable diligence under the circumstances to retain counsel.  Accordingly, Plaintiff's requests to proceed in forma pauperis and for appointment of counsel are denied.

IT IS SO ORDERED.

Date: April 19, 2005               /s/    Ortrie D. Smith
                                   ORTRIE D. SMITH, JUDGE
                                   UNITED STATES DISTRICT COURT